CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MICHELLE WILSON,<br><br>   Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No.:<br>[*Los Angeles County Superior Court Case No.: 22AVCV00432*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed: June 17, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California. The removal is based, specifically, on the following grounds.

**JURISDICTION AND VENUE ARE PROPER**

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds

1  $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332,
2  1441(a), and 1146(b).

3  2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and
4  1446.

## PLEADINGS, PROCESS AND ORDERS

3. On June 17, 2022, Plaintiff MICHELLE WILSON("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Michelle Wilson v. Dollar Tree Stores, Inc. and Does 1 through 100*; Case No. 22AVCV00432.  True and correct copies of the following documents which were served on Defendant DOLLAR TREE STORES, INC., are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

a. Summons;
b. Complaint;
c. Civil Case Cover Sheet and Civil Cover Sheet Addendum and Statement of Location;
d. Notice of Case Assignment;
e. ADR Package;
f. Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation;
g. First Amended General Order; and
h. Standing Order Re: Procedures for Personal Injury Cases Assigned to the North District;

4. On July 11, 2022, the documents comprising **Exhibit "A"** were personally served on DOLLAR TREE STORES, INC.'s agent for service of process.

5. On July 19, 2022, DOLLAR TREE STORES, INC., filed its Answer to Complaint and Demand for Jury Trial.  A true and correct copy of DOLLAR TREE

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

STORES, INC's Answer to Complaint and Demand for Jury Trial are collectively attached and incorporated by reference as **Exhibit "B."**

6. The attached exhibit constitutes all process, pleadings and orders served upon Defendant DOLLAR TREE STORES, INC. in this matter.

## DIVERSITY

### A. Citizenship

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

8. Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

9. Defendant DOLLAR TREE STORES, INC., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its principal place of business in Virginia. Accordingly, Defendant is a citizen of the state of Virginia.

10. Therefore, complete diversity of citizenship exists as between Plaintiff MICHELLE WILSON and Defendant DOLLAR TREE STORES, INC.

### C. Fictitious Does

11. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference

- 3 -

to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

12. Plaintiff's Complaint sets forth a cause of action for negligence. See, **Exhibit "A."** Plaintiff alleges that on July 6, 2020, she was a patron at defendant's store and while pushing a shopping cart with a pole attached to it, the pole came into contact with a box sticking out of a shelf, knocking it down and causing it to land on plaintiff, and causing her to be injured. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

13. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

14. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

15. On November 30, 2020, *prior* to filing the Complaint in the Superior Court for the County of Los Angeles, and *prior* to service of the Summons and Complaint on Defendant DOLLAR TREE STORES, INC., Plaintiff's counsel sent a letter to Defendant which demanded payment from Defendant in an amount in excess of the $75,000.00 jurisdictional limit.

16. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes, or a pre-litigation "other paper." A written settlement demand, therefore, constitutes "other paper."

17. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

///

18. The pre-litigation settlement demand in excess of $75,000 constitutes "other paper" and satisfies the amount in controversy requirement. Thus, the preponderance of the evidence shows that Plaintiff's specific damages claims exceed the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

**TIMELINESS OF REMOVAL**

19. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the initial pleading, to wit, Plaintiff's Complaint served on July 11, 2022, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on June 17, 2022.

20. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: July 29, 2022　　　　　　　　　　　THARPE & HOWELL, LLP

By: _____
　　CHARLES D. MAY
　　ANDREA BREUER
　　Attorneys for Defendant,
　　DOLLAR TREE STORES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Stephen L. Rishoff, Esq.<br>Brittney M. Baca, Esq.<br>ACCIDENT LAWYERS<br>825 West Avenue J<br>Lancaster, CA  93534<br>Tel: 661-945-4357<br>Fax: 661-942-1289<br>Email: steve@avaccidentattorneys.com<br>Email: Brittney@AVaccidentattorneys.com | Attorneys for Plaintiff<br>MICHELLE WILSON |
|---|---|

5. a. **X**    **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/29/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33005\Pleadings\FEDERAL\Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221