# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2022 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOLLAR TREE STORES, INC. and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHELLE WILSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Los Angeles<br>Michael Antonovich Courthouse | CASE NUMBER: *(Número del Caso):*<br>22AVCV00432 |
|---|---|---|

42011 4th Street West, Lancaster, CA 93534

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stephen L. Rishoff - SBN: 062526 - 825 West Avenue "J" Lancaster, California 93534 - Telephone 661-945-4357

| DATE:<br>*(Fecha)* 06/17/2022 | Clerk, by<br>*(Secretario)* M. Rojas | , Deputy<br>*(Adjunto)* |
|---|---|---|

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Dollar Tree Stores, INC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk
22AVCV00432
Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Stephen Morgan

Stephen L. Rishoff (SBN: 062526)
Brittney M. Baca (SBN: 306987)
**ACCIDENT ATTORNEYS**
825 West Avenue "J"
Lancaster, California 93534
Tel: (661) 945-4357
Fax: (661) 942-1289

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, NORTH DISTRICT

| | |
|---|---|
| MICHELLE WILSON, | Case No.: 22AVCV00432 |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| v. | 1. NEGLIGENCE |
| DOLLAR TREE STORES, INC. and DOES 1 through 100, inclusive, | 2. NEGLIGENT HIRING, SUPERVISION AND RETENTION |
| | 3. PREMISES LIABILITY |
| Defendants. | |
| | FSC: 08/09/2023 |
| | TRIAL: 08/18/2023 |
| | OSC: 06/17/2025 |

COMPLAINT FOR DAMAGES

1   Plaintiff MICHELLE WILSON complains of defendant DOLLAR TREE STORES, INC.

2   and DOES 1 through 100, inclusive, and alleges as follows:

3   **COMMON ALLEGATIONS**

4   1.   At all relevant times, plaintiff MICHELLE WILSON (hereinafter referred to as

5   "MICHELLE") was an individual residing in the City of Lancaster, County of Los Angeles, State

6   of California.

7   2.   Plaintiff is informed and believes, and on such information and belief alleges that

8   defendant DOLLAR TREE STORES, INC. (hereinafter referred to as "DOLLAR"), is a

9   corporation duly organized and existing under and by virtue of the laws of the State of Virginia.

10   DOLLAR is authorized to do business in the State of California by virtue of said Corporation

11   Service Company registration.

12   3.   At all times mentioned, Dollar Tree store #7061 located at 40018 10th Street West,

13   is within the City of Palmdale, in the County of Los Angeles, in the State of California (hereinafter

14   referred to as the "INCIDENT SITE").

15   4.   Defendant DOLLAR and DOES 1 through 100 designed, owned, controlled,

16   maintained and/or supervised the INCIDENT SITE.

17   5.   On or about July 6, 2020, around 1:30 p.m., Plaintiff MICHELLE was shopping at

18   the INCIDENT SITE.  She was pushing a shopping cart provided by DOLLAR that had a pole

19   attached to the side of the shopping cart to prevent it from being taken from the INCIDENT SITE.

20   6.   While walking down one of the aisles at the INCIDENT SITE, the pole attached to

21   the shopping cart that Plaintiff was pushing came into contact with a box sticking out from a shelf,

22   knocking the box down, landing directly onto Plaintiff's left forearm and left wrist, causing her

23   injuries.

24   7.   The true names or capacities, whether individual, corporate, associate, or otherwise,

25   of defendant DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said

26   Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that

27   each of the Defendants sued herein as a DOE is legally responsible in some manner for the events

28

1

COMPLAINT FOR DAMAGES

and happenings referred to herein, and Plaintiff will ask leave of this court to amend this complaint to insert their true names when the same become known to her.

8.   Each reference in this Complaint to "Defendant," "Defendants" or a specially named defendant also refers to the DOE defendants named in the same cause of action.

9.   Plaintiff is informed, believes, and thereon alleges that Defendant DOES 61 through 75 were the employees hired by defendant DOLLAR and DOES 1 through 50 to repair, adjust, inspect, label, examine, maintain, and provide proper warnings and notifications concerning the INCIDENT SITE.

10.   At the INCIDENT SITE, defendant DOLLAR and DOES 1 through 100, and its agents and employees, failed to make the INCIDENT SITE safe by keeping the shopping aisles and shelves clear, which would have prevented this incident.

11.   The plan or design of the INCIDENT SITE became dangerous because of a physical condition that defendant DOLLAR and DOES 1 through 100 had prior knowledge of and plenty of time to repair and to remedy the dangerous condition.

12.   The dangerous condition had existed for such a period of time and was of such an obvious nature that the defendant DOLLAR and DOES 1 through 100, in the exercise of due care, should have discovered the condition and its dangerous character.

13.   Defendant DOLLAR and DOES 1 through 100 failed to warn of a known dangerous condition that was not reasonably assumed by Plaintiff MICHELLE.

14.   Defendant DOLLAR and DOES 1 through 100 failed to take the proper actions to ensure the safety of the INCIDENT SITE.

**FIRST CAUSE OF ACTION**

[Negligence]

As and for a separate and distinct Cause of Action, plaintiff MICHELLE alleges against defendant DOLLAR and DOES 1 through 100, inclusive:

15.   At all times herein mentioned, Defendants, and each of them, owed a duty of care to Plaintiff to act in a reasonable, prudent, and careful manner in the ownership, operation,

1    maintenance, and control of the INCIDENT SITE so as to avoid causing harm or creating a
2    foreseeable risk of harm to others, including Plaintiff.

3        16.    On or about July 6, 2020, around 1:30 p.m., Plaintiff was shopping at the
4    INCIDENT SITE in a reasonable, careful, and prudent manner. She was pushing a shopping cart
5    provided by DOLLAR that had a pole attached to the side of the shopping cart to prevent it from
6    being taken from the INCIDENT SITE.

7        17.    While walking down one of the aisles at the INCIDENT SITE, the pole attached to
8    the shopping cart that Plaintiff was pushing came into contact with a box sticking out from a shelf,
9    knocking the box down, landing directly onto Plaintiff's left forearm and left wrist, causing her
10   injuries.

11       18.    Defendants, and each of them, and their agents negligently and carelessly failed to
12   make the INCIDENT SITE safe by keeping the shelves properly stocked, all boxes on shelves
13   secured, and all boxes out of the way of the poles that DOLLAR attached to its shopping carts,
14   creating a foreseeable risk of harm to the Plaintiff.

15       19.    Defendant DOLLAR and DOES 1 through 100, and its agents were aware that
16   unsecured boxes could be knocked from shelves by the shopping cart poles by shoppers, such as
17   Plaintiff, prior to July 6, 2020.

18       20.    Defendant DOLLAR and DOES 1 through 100, and its agents, at all times
19   mentioned, acted with a willful disregard for the rights and safety of the Plaintiff and others.

20       21.    At all times mentioned in this complaint, defendant DOLLAR and DOES 1 through
21   100 had a duty to properly stock, inspect, label, examine, maintain, and provide proper warnings
22   concerning the INCIDENT SITE.

23       22.    By reason of said negligence and carelessness of the aforesaid Defendants, and each
24   of them, and as a proximate result thereof, Plaintiff received severe injuries to her body. The
25   injuries received by Plaintiff have greatly impaired her health, strength and activity and have
26   thereby caused and continue to cause her great mental, physical and nervous pain and suffering
27   and an extreme shock to her nervous system. Plaintiff is informed and believes, and thereon
28

3

1  alleges, that said injuries will result in some disability to her, all to his damage in an amount
2  according to proof.

3     23. As a further, direct and proximate result of the negligence of Defendants, and each
4  of them, as herein alleged, Plaintiff was required to, and did employ, and continues to employ,
5  physicians and others for medical care of said injuries, and did incur medical and incidental
6  expenses in an amount according to proof.  Plaintiff is informed, and thereon alleges, that she will
7  incur further medical and incidental expenses for the care and treatment of said injuries, the
8  amount of which is unknown at this time, all to her further damages in an amount according to
9  proof.

10     24. As a further, direct and proximate result of the negligence of Defendants, and each
11  of them, as herein alleged, Plaintiff was prevented from performing her usual occupation, or any
12  occupation whatsoever, or has otherwise suffered a reduction in her capacity to work, and as a
13  result has been damaged in an amount according to proof.  Plaintiff is informed and believes and
14  on such information and belief alleges that by reason of said carelessness and negligence of
15  Defendants, and each of them, Plaintiff will, in the future, be prevented from attending to her
16  usual occupation for an undetermined period of time, or will continue to have a reduced capacity
17  to earn income, all to her further damages in an amount according to proof.

18            **SECOND CAUSE OF ACTION**

19         [Negligent Hiring, Supervision and Retention]

20     As and for a separate and distinct Cause of Action, plaintiff MICHELLE alleges against
21  defendant DOLLAR and DOES 1 through 50, inclusive:

22     25. Plaintiff MICHELLE incorporates herein by reference each and every allegation
23  contained in the preceding paragraphs as though the same were set forth in full herein.

24     26. Plaintiff MICHELLE is informed and believes, and thereupon alleges, that
25  DOLLAR and DOES 1 through 50 owed a duty to plaintiff MICHELLE to hire employees who
26  are competent and specifically trained to properly stock shelves in a safe manner at the INCIDENT
27  SITE and keep the shopping aisles and shelves clear and unobstructed on the property owned,

28

                    4

1  operated, maintained, and/or leased by defendant DOLLAR and DOES 1 through 50 in a safe and

2  prudent manner and not to create a dangerous condition.

3       27.    At the time of the incident, defendant DOLLAR and DOES 61 through 75 failed to

4  properly stock the shelves, keeping the boxes on the shelves secured and pushed back to be out of

5  the way of the poles that DOLLAR attached to its shopping carts, which would prevent an incident

6  from occurring.

7       28.    The failure of defendants DOLLAR and DOES 61 through 75 to properly stock the

8  shelves, keeping the boxes on the shelves secured and pushed back to be out of the way of the

9  poles that DOLLAR attached to its shopping carts, was the substantial factor in the incident which

10  then caused serious injuries to plaintiff MICHELLE, as more fully set forth above.

11      29.    Plaintiff MICHELLE is informed and believes, and on such information and belief

12  alleges, that defendants DOLLAR and DOES 61 through 75 were unfit and/or incompetent to

13  perform the work for which they were hired and that their unfitness and/or incompetence created

14  a particular risk to the Plaintiff.

15      30.    Plaintiff MICHELLE is informed and believes, and on such information and belief

16  alleges, that defendants DOLLAR and DOES 61 through 75's unfitness and/or incompetence was

17  the proximate cause of harm to plaintiff MICHELLE.

18      31.    Plaintiff MICHELLE is informed and believes, and on such information and belief

19  alleges, that defendants DOLLAR and DOES 1 through 50, failed and refused to properly hire,

20  screen, train, and/or supervise their employees who perform services on or upon the property

21  owned, operated, maintained, or leased, in a competent manner.

22      32.    As a direct and proximate result of the conduct of defendants DOLLAR and DOES

23  1 through 50's failure, plaintiff MICHELLE was injured and suffered damages, and will suffer

24  damages in the future as more fully set forth above.

25  ///

26  ///

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CAUSE OF ACTION

[Premises Liability]

As and for a separate and distinct Cause of Action, plaintiff MICHELLE alleges against defendant DOLLAR and DOES 1 through 50, inclusive:

33.     Plaintiff MICHELLE incorporates herein by reference each and every allegation contained in the preceding paragraphs as though the same were set forth in full herein.

34.     At all times herein mentioned, defendant DOLLAR and DOES 1 through 50, and each of them, were responsible for the planning, designing, supervision, control, construction, servicing, management, inspection, monitoring, testing, evaluation, improvement, redesigning, redeveloping, operation, signing, lighting, maintenance, repair, safety, and development of the INCIDENT SITE.

35.     At all times herein mentioned, defendant DOLLAR and DOES 1 through 50, and each of them, had a duty to act with reasonable care so as to avoid creating foreseeable risks of harm to those individuals walking in the aisles at the INCIDENT SITE, such as plaintiff MICHELLE.

36.     At all times herein mentioned, as further alleged herein, the INCIDENT SITE at the location of the subject incident was in a dangerous and defective condition since the shelf in the shopping aisle was not properly stocked and the box was unsecured and sticking out in the path of the pole that DOLLAR attached to its shopping cart, due to the negligence of those defendants to include DOLLAR and DOES 1 through 50, and each of them.

37.     The acts and omissions of DOLLAR and DOES 1 through 50, and each of them, were a substantial factor in causing injury to plaintiff MICHELLE, as further alleged herein.

38.     The dangerous condition of the INCIDENT SITE as further alleged herein, was known, to DOLLAR and DOES 1 through 50, and each of them in a sufficient time to have taken measures to protect against such harm, and failed to do so.

39.     As a direct and proximate result of the conduct of defendants DOLLAR and DOES 1 through 50's failure, plaintiff MICHELLE was injured and suffered damages, and will suffer

COMPLAINT FOR DAMAGES

damages in the future as more fully set forth above.

WHEREFORE, plaintiff MICHELLE prays for judgment against the defendant DOLLAR and DOES 1 through 100, and each of them, as follows:

    1. For economic damages in an amount according to proof;

    2. For non-economic damages according to proof;

    3. For interest and prejudgment interest;

    4. Costs of suit herein incurred; and

    5. Such other and further relief as the court may deem proper.

Date: June 17, 2022                          **ACCIDENT ATTORNEYS**

/s/Brittney M. Baca
Brittney M. Baca, Esq.
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

22AVCV00432

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2022 03:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brittney M. Baca [SBN: 306987] <br> ACCIDENT ATTORNEYS <br> 825 West Avenue "J"Lancaster, California 93534 <br> TELEPHONE NO.: (661) 945-4357   FAX NO.: <br> ATTORNEY FOR *(Name)*:  Plaintiff Michelle Wilson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  42011 4th Street West
MAILING ADDRESS:
CITY AND ZIP CODE:  Lancaster, CA 93534
BRANCH NAME:   Michael Antonovich Courthouse

| CASE NAME: <br> WILSON v. DOLLAR TREE STORES, INC. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder <br><br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22AVCV00432 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4.  Number of causes of action *(specify)*:   THREE
5.  This case ☐ is ☒ is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:   6/17/22

Brittney M. Baca                    ▶ /s/Brittney M. Baca
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: WILSON v. DOLLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto (22) | ☐ | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ | A6070 Asbestos Property Damage | 1, 11 |
| | ☐ | A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ | A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ | A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ | A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ | A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☑ | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

*(Left margin labels: Auto Tort; Other Personal Injury/Property Damage/Wrongful Death Tort)*

LACIV 109 (Rev 2/16)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.3
Page 1 of 4

| SHORT TITLE: WILSON v. DOLLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: WILSON v. DOLLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: WILSON v. DOLLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 40018 10th Street West |

| CITY: Palmdale | STATE: CA | ZIP CODE: 93551 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___North___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 17, 2022

_/s/Brittney M. Baca_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Michael Antonovich Antelope Valley Courthouse<br>42011 4th Street West, Lancaster, CA 93534 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/17/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Rojas _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22AVCV00432 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephen Morgan | A14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/22/2022
_____(Date)_____

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Rojas _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                                          <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____                ➤ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

[ Print ]    [ Save ]                                                                  [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

[ Print ]     [ Save ]                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

☐ Request for Informal Discovery Conference
☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.   For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                                    JUDICIAL OFFICER

[ Print ]     [ Save ]                                                        [ Clear ]

# FILED

LOS ANGELES SUPERIOR COURT

## MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5  _____
   Carolyn B. Kuhl, Supervising Judge of the
6  Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.


This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**FILED**
Superior Court of California
County of Los Angeles

2019-SJ-015-00

SEP 2 6 2019

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Alanis

1
2
3
4
5
6
7
8
9
10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

IN RE PROCEDURES FOR PERSONAL
INJURY CASES ASSIGNED TO THE
**NORTH DISTRICT**

)
)
)
)
)
)

STANDING ORDER
RE: PROCEDURES FOR PERSONAL
INJURY CASES ASSIGNED TO THE
NORTH DISTRICT
(Effective September 26, 2019)

11
12
13
14
15
16
17
18
19
20
21
22

**DEPARTMENT:**      A-14      A-15

**FINAL STATUS CONFERENCE:**
   • **Date:** 08/09/2023 at 8:30 a.m.

**TRIAL:**
   • **Date:** 08/18/2023 at 8:30 a.m.

**OSC re DISMISSAL**
  **(Code Civ. Proc., § 583.210):**
   • **Date:** 06/17/2025 at 8:30 a.m.

23   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

24        Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court

25   ("C.R.C."), and the Los Angeles County Court Rules ("Local Rule"), the Los Angeles Superior Court

26   ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 8, 2018

27   AMENDED GENERAL ORDER AND ORDERS AS FOLLOWS IN THIS AND ALL OTHER

28   GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

Page 1 of 6

2019-SJ-015-00

1      Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing

2 the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk

3 Courthouse.  LASC initially opened three Personal Injury Courts (Departments 91, 92 and 93) on

4 January 6, 2014, a fourth (Department 97), and in September 2015, a fifth (Department 98) to

5 adjudicate all pretrial matters for these cases (The five PI courts are now located in the Spring Street

6 Courthouse).  It also established a Master Calendar Court (Department One) to manage the

7 assignment of trials to dedicated Trial Courts located countywide.  Prior orders set forth the basic

8 procedures for the Personal Injury ("PI") Courts' management of pretrial matters.  The parties will

9 find additional information about the PI Courts on the Court's website, www.lacourt.org.  Personal

10 injury cases will also be managed in the same or similar manner in the North Judicial District, Michael

11 D. Antonovich Courthouse in Lancaster, CA.  <u>This Standing Order is specifically designed for</u>

12 <u>personal injury cases filed in the North Judicial District, Michael D. Antonovich Courthouse</u>

13 <u>(hereinafter "North District").</u>

14 1.    To ensure proper courtroom assignment, plaintiff(s) must carefully fill out the Civil Case

15 Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

16         "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

17         Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

18         Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

19         Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental);

20         Medical Malpractice-Physicians & Surgeons; Other Professional Health Care

21         Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful

22         Death; or Other Personal Injury/Property Damage/Wrongful Death.  An action for

23         intentional infliction of emotional distress, defamation, civil rights/discrimination, or

24         malpractice (other than medical malpractice), is not included in this definition.  An

25         action for injury to real property is not included in this definition."  Local Rule

26         2.3(a)(1)(A).

27      The Court will deem the case to be a personal injury action if plaintiff(s) checks any of the

28 following boxes in the Civil Case Cover Sheet Addendum:

2019-SJ-015-00

1    ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

2    ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

3    ☐ A7260 Product Liability (not asbestos or toxic/environmental)

4    ☐ A7210 Medical Malpractice – Physicians & Surgeons

5    ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice

6    ☐ A7250 Premises Liability (e.g., slip and fall)

7    ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault,

8      vandalism, etc.)

9    ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

10   Upon filing a personal injury Complaint, the Court sets the above dates in this action in the

11   courtroom located in the North District circled above (Department A-14 or A-15) at the Michael

12   Antonovich Antelope Valley Courthouse located at 42011 4th Street West, Lancaster, CA 93534

13   (C.R.C. Rules 3.714(b)(3), and 3.729).

14   **FILING OF DOCUMENTS**

15   2.    With the exception of self-represented litigants or parties or attorneys that have obtained an

16   exemption from mandatory electronic filing, parties must electronically file documents. Filings are

17   no longer accepted via facsimile.  The requirements for electronic filing are detailed in the Court's

18   operative General Order Re Mandatory Electronic Filing for Civil, available online at

19   www.lacourt rg (link on homepage).

20   **SERVICE OF SUMMONS AND COMPLAINT**

21   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon

22   as possible but no later than three years from the date when the complaint is filed (C.C.P. § 583.210,

23   subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all

24   unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not

25   be dismissed (C.C.P. §§ 583.250; 581(b)(4)).

26   4.    The Court sets the above Trial and Final Status Conference ("FSC") dates on the condition

27   that plaintiff(s) effectuate service on defendant(s) of summons and complaint within six months of

28   filing the complaint.

2019-SJ-015-00

1  5.      The PI Court will dismiss the case without prejudice, pursuant to Code of Civil Procedure

2  section 581, when no party appears for trial.

3  **STIPULATIONS TO CONTINUE TRIAL**

4  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P. §

5  583.310)), the parties may advance or continue any trial date in the PI Courts without showing good

6  cause or articulating any reason or justification for the change as set forth below.  To continue or

7  advance a trial date, the parties (or their counsel of record) should jointly execute and file a Stipulation

8  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV AV-242, available on the

9  court's website, Personal Injury Court link or at the civil clerk's window of the Michael Antonovich

10 Courthouse. Parties shall use the Stipulation that is specific to the North District/Michael Antonovich

11 Courthouse).  Parties may submit a maximum of two stipulations to continue trial for a total

12 continuance of six months.  Subsequent requests to continue trial will only be granted upon a showing

13 of good cause, by ex parte application or noticed motion.  This rule is retroactive so that any

14 previously granted stipulation to continue trial will count toward the maximum number of allowed

15 continuances.  The PI Courts schedule FSCs at 8:30 a.m., on a Wednesday (or other day) that is

16 generally seven court days before the trial date.  Parties seeking to continue the trial and FSC dates

17 shall file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

18 trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

19 FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date, parties

20 shall select any Friday.

21 **NO CASE MANAGEMENT CONFERENCES**

22 7.      The PI Courts do not conduct case management conferences.  The parties need not file a Case

23 Management Statement.

24 **LAW AND MOTION**

25 8.      Any and all electronically-filed documents must be text searchable and bookmarked (*see*

26 operative general order re mandatory electronic filing in civil).

27 ///

28 ///

2019-SJ-015-00

1  **COURTESY COPIES NOT REQUIRED**

2  9.      Courtesy copies of briefs are not required in the North District/Michael Antonovich Civil

3  Courts.

4  **RESERVATION OF HEARING DATE**

5  10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

6  Reservation System (CRS) available online at www.lacourt.org (link on homepage). After reserving

7  a motion hearing date, the reservation requestor must submit the papers for filing with the reservation

8  receipt number printed on the face page of the document under the caption and attach the reservation

9  receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a

10  motion hearing date by calling the assigned PI Court courtroom.

11  **WITHDRAWAL OF MOTION**

12  11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

13  immediately if a matter will not be heard on the scheduled date. In keeping with that rule, parties

14  must comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings

15  related to demurrers or motions to strike so that the judges do not needlessly prepare tentative rulings

16  for these matters.

17  **DISCOVERY MOTIONS**

18  12.     At this time, Informal Discovery conferences are not available in the North District

19  Civil courts due to the high volume of cases handled by these courts.

20  **EX PARTE APPLICATIONS**

21  13.     Under the California Rules of Court, courts may only grant ex parte relief upon a showing, by

22  admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or

23  where the moving party identifies "a statutory basis for granting relief ex parte" (C.R.C. Rule

24  3.1202(c)). The North District Civil courts have no capacity to hear multiple ex parte applications or

25  to shorten time to add a hearing to their fully booked motion calendars. The North District Civil

26  courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger"

27  or threat of "irreparable harm" justifying ex parte relief. Instead of seeking ex parte relief, counsel

28  should reserve the earliest available motion hearing date, even if it is after the scheduled trial date,

2019-SJ-015-00

1  and counsel should then file a motion to continue trial.  Counsel should also check the Court
2  Reservation System from time to time because earlier hearing dates may become available as cases
3  settle or counsel otherwise take hearings off calendar.

4  **GENERAL ORDER – FINAL STATUS CONFERENCE**

5  14.   Parties shall comply with the requirements of the PI Courts' "Standing Order – Re: Final
6  Status Conference, Personal Injury Court" which shall be served with the summons and complaint.

7  **JURY FEES**

8  15.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial
9  complaint (C.C.P. § 631, subd. (c)(2)).

10  **JURY TRIALS**

11  16.   The North District Civil courts may conduct jury trials on personal injury cases or may
12  transfer the case to the Department One at Stanley Mosk Courthouse on the day of trial.  Department
13  One will then assign the case for trial to a dedicated trial court.

14  **SANCTIONS**

15  17.   The Court has discretion to impose sanctions for any violation of this Order (C.C.P. §§ 128.7,
16  187 and Gov. Code, § 68608, subd. (b)).

17
18
19  Dated: September _𝜕𝜑_, 2019

20                          S    ANTHA P. JESSNER
                            Supervising Judge, Civil
21                          Los Angeles Superior Court

22
23
24
25
26
27
28

Page 6 of 6